IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20389
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ENRIQUE MOLINA-GONZALES,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-408-ALL
--------------------
January 6, 2003

Before REAVLEY, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Enrique Molina-Gonzales ("Molina") was convicted of illegal
reentry into the United States after deportation, a violation of
8 U.S.C. § 1326.  He first argues that his prior deportation
violated due process and should not have been used to support the
instant conviction.  To challenge the validity of an underlying
deportation order, an alien must establish that:  (1) the prior
deportation hearing was fundamentally unfair; (2) the hearing

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

effectively eliminated the alien's right to seek judicial review of the removal order; and (3) the procedural deficiencies caused actual prejudice. United States v. Lopez-Vasquez, 227 F.3d 476, 483 (5th Cir. 2000).

On appeal, Molina argues that the hearing was fundamentally unfair because the immigration judge ("IJ") failed to inform him of the possibility of relief from removal under former § 212(c) of the Immigration and Nationality Act, as required by 8 C.F.R. § 240.11(a)(2). At the hearing, the IJ found that Molina was not eligible for relief. Assuming that an error by an IJ regarding eligibility for discretionary relief from removal would render a hearing fundamentally unfair, Molina's argument fails.

First, the finding that no relief was available was correct at the time, at least as to possible relief argued by Molina on appeal. He concedes that at the time of the hearing in 1998, § 212(c) relief was no longer available. See also INS v. St. Cyr, 533 U.S. 289, 297 (2001)(discussing amendment and repeal of § 212(c)). Second, Molina was ineligible for this relief. Section 212(c) authorized any "permanent resident alien with a lawful unrelinquished domicile of seven consecutive years to apply for a discretionary waiver from deportation." Id. at 295 (internal quotation omitted). Molina's lawful domicile began in 1992, when he obtained lawful permanent resident status, and the removal hearing was held approximately six years later in 1998. Finally, even though St. Cyr resurrected the possibility of

§ 212(c) relief for aliens who would have been eligible at the time of their plea, see id. at 326, Molina would have been ineligible. At the time of his guilty plea in 1995, Molina had accrued only three of the requisite seven years of lawful domicile. Therefore, the district court did not err in denying Molina's motion to dismiss the instant indictment.

Molina next argues that his prior conviction for possession of marijuana did not merit an eight-level adjustment pursuant to § 2L1.2(b)(1)(C) for an aggravated felony. His arguments regarding the definitions of "drug trafficking offense" and "aggravated felony" recently were rejected in United States v. Caicedo-Cuero, __ F.3d __ (5th Cir. Nov. 14, 2002, No. 02-20751), 2002 WL 31521599 at *6-*11. The district court did not err in applying the eight-level adjustment. See id.

Molina argues that § 1326(b)(2) is unconstitutional because it treats a prior conviction for an aggravated felony as a mere sentencing factor and not an element of the offense. Molina concedes that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Id. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Accordingly, this argument lacks merit.

AFFIRMED.